UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILDLIFE TRADING COMPANY OF NEW MEXICO, INC.,<br><br>    Plaintiff<br><br>vs.<br><br>BAYSTATE POS, INC., PHILLIP BINGHAM and BLEEP 2000 (COMPUTERS) LTD., d/b/a BLEEP COMPUTING and BLEEP NORTH,<br><br>    Defendants | CASE NO. 05-11678-RCL |

ANSWER OF DEFENDANTS BAY STATE POS, INC. and
PHILLIP BINGHAM AND COUNTERCLAIM OF DEFENDANT BAY STATE
POS, INC.

FIRST DEFENSE

The defendants Bay State POS, Inc. ("Bay State") and Phillip Bingham ("Bingham") (sometimes collectively referred to as "defendants") hereby answer the numbered paragraphs of the Complaint of the plaintiff Wildlife Trading Company of New Mexico, Inc. as follows:

    1. As defendants are without knowledge as to the truth of the allegations, defendants neither admit nor deny the same.

    2. Admitted that Bay State is a Massachusetts corporation. The remaining allegations of paragraph 2 of the complaint are denied.

1

3. Admitted, except that defendants deny that Bingham is an "owner" of Bay State. Admitted that Bingham is a shareholder of Bay State.

4. As defendants are without knowledge as to the truth of the allegations, defendants neither admit nor deny the same.

5. Admitted.

6. Admitted.

7. The first sentence of paragraph 7 of the complaint is admitted, and the second sentence is denied.

8. Denied.

9. Denied.

10. Denied that defendants were in breach of any contract with the plaintiff. Denied that the plaintiff incurred any damages as a result of any breach of contract or other wrongdoing on the part of defendants. The remaining allegations are denied.

11. As defendants are without knowledge as to the truth of the allegations, defendants neither admit nor deny the same.

12. The letters in question are instruments in writing. Defendants deny the allegations set forth in paragraph 12 to the extent same are inconsistent with the content of said letters.

13. The letters in question are instruments in writing. Defendants deny the allegations set forth in paragraph 12 to the extent same are inconsistent with the content of said letters.

14. Denied.

15. The first sentence is denied. The second sentence is admitted.

16. Defendants admit that Bay State traveled to plaintiff sites to install cash registers and modems, printers and pcAnywhere, a remote software. Bay State installed a Bleep demo package, that was not paid for by the plaintiff, to aid in printing reports in Bleep native format to be used as a training tool, as it did not actually interface with the cash register. Except as otherwise admitted herein, defendants deny the allegations contained in paragraph 16 of the complaint.

17. Any errors in entering, maintaining or transmitting inventory information were committed by the plaintiff and its employees. Except as otherwise admitted herein, the allegations contained in paragraph 17 of the complaint are denied.

18. Denied.

19. Admitted that Bay State suspended service and support because of plaintiff's default in paying Bay State for same, and that because of such default, Bay State's

suspension of service and support was justified. Except as otherwise expressly admitted herein, the defendants deny the allegations contained in paragraph 19 of the complaint.

20. Denied.

21. Denied that the POS was not functioning properly. Denied that the system was incompatible with hardware recommended by the defendants or that the system could not be repaired. Denied that the plaintiff requested defendants to accept return of the POS system or inventory. Denied that defendants agreed to accept return of these items. Denied that defendant's recommendations were flawed.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. As defendants are without knowledge as to the truth of the allegations, defendants neither admit nor deny the same.

27. Denied.

28. Denied.

29. As defendants are without knowledge as to the truth of the allegations, defendants neither admit nor deny the same.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

### Answer to First Claim for Relief

36. Defendants repeat and reallege their answers to paragraphs 1 through 35 of the complaint as if fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

### Answer to Second Claim for Relief

44. Defendants repeat and reallege their answers to paragraphs 1 through 43 of the complaint as if fully set forth herein.

45. Admitted.

46. As defendants are without knowledge as to the truth of the allegations, defendants neither admit nor deny the same.

47. As defendants are without knowledge as to the truth of the allegations, defendants neither admit nor deny the same.

48. Denied.

49. The POS system was fit for plaintiff's purposes. Except as expressly admitted herein, denied.

50. Denied.

51. Denied that the system was unfit. The remaining allegations are denied.

52. Denied.

53. Denied.

54. Denied.

### Answer to Third Claim for Relief

55. Defendants repeat and reallege their answers to paragraphs 1 through 54 of the complaint as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

Answer to Fourth Claim for Relief

62. Defendants repeat and reallege their answers to paragraphs 1 through 61 of the complaint as if fully set forth herein.

63. Denied.

64. Admitted that certain payments were received by Bay State from the plaintiff.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

Wherefore Bingham and Bay State demand that judgment enter dismissing the plaintiff's complaint and that said defendants be awarded their costs.

Second Defense

The plaintiff, by its acts and conduct, in failing to carry out its obligations under the agreement and in failing to pay Bay State amounts due to Bay State under the agreement is estopped to assert that the defendants now owe the plaintiff anything.

Third Defense

If Bay State or Bingham failed to perform any of their agreements referred to in plaintiff's complaint, they were excused from the performance of such agreements.

7

### Fourth Defense

The plaintiff made completion of the agreement impossible by among other things, failing to train its employees to use the system in question, by failing to assign competent employees to make input of necessary data into the system and by ignoring Bay State's instructions on how to use the system.

### Fifth Defense

Bay State was ready and willing to perform all of its obligations under its agreement with the plaintiff, but was obstructed and prevented from doing so by the plaintiff.

### Sixth Defense

Plaintiff is barred from recovery because this action has not been brought within the applicable statute of limitations.

### Seventh Defense

The contract or agreement upon which the plaintiff's action is based is not in writing and signed by Bay State or Bingham or some person authorized by either of them as provided in the applicable statute of frauds.

Counterclaim

(Bay State POS, Inc. v. Wildlife Trading Company of New Mexico, Inc.)

1. The defendant/plaintiff-in-counterclaim Bay State POS, Inc. ("Bay State") is a Massachusetts corporation with a usual place of business in Stoughton, Massachusetts.

2. The plaintiff/defendant-in-counterclaim Wildlife Trading Company of New Mexico, Inc. ("Wildlife") is a New Mexico corporation with a usual place of business in Bethel, Connecticut.

3. Wildlife owes Bay State the sum of $12,168 for goods sold and delivered by Bay State to Wildlife between May 23, 2002 and July 18, 2003.

4. In addition, Wildlife owes Bay State the sum of $5,537.44 for shipping expenses, repair services and reimbursement of phone expenses between January 9, 2003 and June 21, 2003,

5. The total amount owed by Wildlife to Bay State is $17,705.44.

Wherefore Bay State demands that judgment be entered against Wildlife in the amount determined by the Court plus interest from July 18, 2003 and costs.

THE DEFENDANT PHILLIP BINGHAM AND THE DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM BAY STATE POS, INC.,

DEMAND A TRIAL BY JURY ON ALL FACTS AND ISSUES SO TRIABLE.

Dated: 9/20/05

By their attorney

*/s/ Arnold E. Cohen*
Arnold E. Cohen
Bass, Doherty & Finks, P.C.
40 Soldiers Field Place
Boston, MA 02135-1104
Tel: (617) 787-5551
BBO # 088480

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on 9/20/05

*/s/ Arnold E. Cohen*

AEC\ml

Bingham/Wildlife/answer092005.ml.doc

10