UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILDLIFE TRADING COMPANY OF NEW MEXICO, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>BAYSTATE POS, INC., PHILLIP BINGHAM, and BLEEP 2000 (COMPUTERS) LTD. d/b/a Bleep Computing and Bleep North,<br><br>Defendants. | Case No.: 05-11678-RCL<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF DEFAULT OF DEFENDANT BLEEP OR, IN THE ALTERNATIVE, FOR CLARIFICATION** |

The plaintiff, Wildlife Trading Company of New Mexico, Inc. ("Wildlife"), hereby moves for reconsideration of this Court's order of January 30, 2006, denying the request for default against the defendant, Bleep 2000 (Computers) Ltd ("Defendant Bleep") on the ground that Wildlife has met its service obligations under Fed. R. Civ. P. 4(f) and Defendant Bleep has failed to timely answer. In support of this motion, Wildlife states as follows:

1. Defendant Bleep is a foreign corporation located in London, England. As such, Defendant Bleep may be service "by an internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [hereinafter the "Hague Convention"]." Fed. R. Civ. P. 4(j)(1).

2. As is set forth in the Affidavit of Service of Process filed by Wildlife (hereinafter "Bingham Aff.") in this matter on November 23, 2005, Defendant Bleep was served by a constable in England on November 7, 2005 in accordance with Fed. R. Civ. P. 4(f) and the Hague Convention. (Bingham Aff., Exhibit A.)

1

3.      As evidence of service, Wildlife filed the Summons served on Defendant Bleep, along with the affidavit prepared by the process server describing service and a Certification of the High Court of Justice Queen's Bench Division in Great Britain establishing that said service was in accordance with Article V of the Hague Convention. Each of these documents was filed as an exhibit to the Bingham Affidavit.

**WHEREFORE**, the plaintiff, Wildlife, respectfully requests that the Court reconsider its January 30, 2006 Order and enter a default against Defendant, Bleep. In the alternative, Wildlife respectfully requests that the Court clarify its January 30, 2006 Order by explaining any defects that may exist in said service and grant Wildlife an additional 90 days to cure said defect.

Respectfully submitted,

WILDLIFE TRADING COMPANY OF
NEW MEXICO, INC.

by its attorneys,

_/s/_

Mark P. Monack (admitted *pro hac vice*)
JAFFE & ASHER LLP
600 Third Avenue, Ninth Floor
New York, New York 10016-1901
212-687-3000

Andrew D. Myers, BBO# 556930
Neal J. Bingham, BBO# 652029
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place
Boston, Massachusetts 02108
617-367-2500

Dated: March 17, 2006

399331v.1