UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILDLIFE TRADING COMPANY OF NEW MEXICO, INC.,<br><br>    Plaintiff<br><br>vs.<br><br>BAYSTATE POS, INC., PHILLIP BINGHAM, and BLEEP 2000 (COMPUTERS) LTD. d/b/a BLEEP COMPUTING and BLEEP NORTH,<br><br>    Defendants | CASE NO.:<br>05-11678-RCL |

MOTION OF DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM
<u>BAY STATE POS, INC. TO AMEND COUNTERCLAIM</u>

Bay State POS, Inc. ("Bay State") hereby moves pursuant to Fed.R.Civ.P.15(a) to amend its counterclaim in form of the proposed Amended Counterclaim, a copy of which is attached hereto. In support hereof, Bay State states the following:

1. The reason for the proposed Amended Counterclaim is to describe Bay State's counterclaim in an accurate manner. In the process of preparing responses to the interrogatories and document requests served on Bay State by plaintiff Wildlife Trading Company of New Mexico, Inc. ("Wildlife"), Bay State's undersigned counsel realized that

1

the original counterclaim did not accurately describe the nature of Bay State's claim. The proposed Amended Counterclaim sets forth the claim properly.

    2. The proposed Amended Counterclaim does not raise significant new claims or issues. In Count I, the amount due for goods and services provided by Bay State to Wildlife is adjusted from $23,062.88 (the total of paragraphs 4 and 5 of the original counterclaim) to $16,137.44. Attached to the proposed Amended Counterclaim as Exhibit 1 is a detailed account describing how this number is calculated. A new Count II is added, seeking payment of a balance due of $9,650 that was never paid toward the $40,500 adjusted purchase price agreed to by the parties under their contract.

    3. Wildlife will not be prejudiced by the amendment. Bay State's responses to Wildlife's interrogatories and request for documents have provided the information that is the basis for the Amended Counterclaim. Wildlife's deposition of Bay State has not taken place as of yet, so Wildlife will be able to examine Bay State fully concerning the Amended Counterclaim.

    4. Under Rule 15(a), approval of a motion to amend should be "freely given when justice so requires." The First Circuit has "often described this standard as

reflecting the 'liberal' amendment policy underlying Rule 15." O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152,154(1st Cir. 2004).

                                            Bay State POS, Inc.
                                            By its attorney

Dated: June 14, 2006        s/Arnold E. Cohen
                                       Arnold E. Cohen
                                       Bass, Doherty & Finks, P.C.
                                       40 Soldiers Field Place
                                       Boston, MA 02135-1104
                                       Tel: (617) 787-5551
                                       BBO # 088480


## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered parties on June 14, 2006.

                                            s/Arnold E. Cohen
                                            Arnold E. Cohen

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILDLIFE TRADING COMPANY OF NEW MEXICO, INC.,<br><br>    Plaintiff<br><br>vs.<br><br>BAYSTATE POS, INC., PHILLIP BINGHAM, and BLEEP 2000 (COMPUTERS) LTD. d/b/a BLEEP COMPUTING and BLEEP NORTH,<br><br>    Defendants | CASE NO.:<br>05-11678-RCL |

AMENDED COUNTERCLAIM

Count I

1. The defendant/plaintiff-in-counterclaim Bay State POS, Inc. ("Bay State") is a Massachusetts corporation with a usual place of business in Stoughton, Massachusetts.

2. The plaintiff/defendant-in-counterclaim Wildlife Trading Company of New Mexico, Inc. ("Wildlife") is a New Mexico corporation with a usual place of business in Bethel, Connecticut.

3. Wildlife owes Bay State the sum of $16,137.44 for goods sold and delivered, for service charges and for reimbursement of expenses provided by Bay State to Wildlife

between January 1, 2002 and July 18, 2003, as set forth in the account attached hereto as Exhibit 1.

Wherefore Bay State demands that judgment be entered against Wildlife in the amount determined by the Court plus interest from July 18, 2003 and costs.

### Count II

4. Bay State hereby repeats and incorporates by reference the allegations contained in paragraphs 1 through 3 hereinabove.

5. Under the agreement entered into by the parties, Wildlife agreed to pay Bay State an agreed adjusted purchase price of $40,500 for the Bleep 2002 Windows upgrade provided by Bay State to Wildlife.

6. Wildlife paid Bay State $30,850 toward agreed upon adjusted purchase price, leaving an unpaid balance of $9,650.

7. Wildlife has failed and refused to pay Bay State the remaining balance of $9,650 of the agreed upon purchase price for the said upgrade, which balance is due and payable to Bay State.

Wherefore, Bay State demands that judgment be entered against Wildlife in the amount determined by the Court plus interest and costs.

```
Dated: June 14, 2006          s/Arnold E. Cohen
                              Arnold E. Cohen
                              Attorney for the Defendant
                              Bay State POS, Inc.
                              Bass, Doherty & Finks, P.C.
                              40 Soldiers Field Place
                              Boston, MA 02135-1104
                              Tel: (617) 787-5551
                              BBO # 088480
AEC/ml
```

3